**Gevork BEBEDJIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–73942.

Agency No. A70–220–003.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.\*\*

Decided Nov. 13, 2003.

Gevork Bebedjian, pro se, North Hollywood, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office Of The District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Donald E. Keener, Esq., Michelle E. Gorden, Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, SILVERMAN and TALLMAN, Circuit Judges.

MEMORANDUM \*\*\*

Gevork Bebedjian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence an adverse credibility determination. *Mejia–Paiz v. INS,* 111 F.3d 720, 723 (9th Cir. 1997). We deny the petition for review.

The BIA based its adverse credibility finding on numerous and substantial inconsistencies in Bebedjian's testimony that went to the heart of his asylum claim. *See Chebchoub v, INS,* 257 F.3d 1038, 1043

---

\* John Ashcroft is the proper respondent. The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(9th Cir.2001). Accordingly, substantial evidence supports the BIA's denial of Bebedjian's application for asylum and withholding of deportation. *See id.* at 1045.

We do not consider Bebedjian's contention that the BIA violated his due process rights by not addressing his CAT claim because Bebedjian failed to raise this issue on appeal to the BIA. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987) (failure to raise an issue before the BIA constitutes failure to exhaust administrative remedies and deprives this court of jurisdiction to hear that issue). Although due process claims are generally exempt from this procedural rule, Bebedjian cannot obtain review merely by alleging that this error violates due process. *See id.*

Bebedjian's remaining contentions also lack merit.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.